Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000050
21-OCT-2014
11:15 AM

NO. CAAP-12-0000050

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

COUNTY OF HAWAI'I, a municipal corporation of the
State of Hawai'i, Plaintiff-Appellant, v.
LORNE R. ITO, LYRA R. KELIIPAAKAUA, RAGS PRIVATE AUTO
CLUB, LLC, DOE AGENCIES 1-10, and DOE DEFENDANTS 1-100,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(NORTH AND SOUTH KONA DIVISION)
(CIVIL NO. 3RC11-1-304K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant County of Hawaii (**County**) appeals
from the Order Dismissing Complaint for Lack of Jurisdiction
Pursuant to HRS § 604-5, which was entered on December 29, 2011,
by the District Court of the Third Circuit, North and South Kona
Division (**District Court**)[1]

On appeal, the County contends that the District Court
erred when it dismissed this case, wherein the County sought to
interplead a dispute concerning who was entitled to ownership
and/or possession of an automobile, the value of which was within
the jurisdictional limits of the district courts, as provided in

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

HRS § 604-5.[2]  In the County's complaint, in addition to requesting that the defendants "be ordered and commanded to interplead and settle among themselves their rights and claims" to the automobile, the County, in essence, sought an order broadly immunizing the County from any liability for its actions with respect to the seizure and continued possession of the car.

After carefully reviewing the record and the brief submitted by the County (no other briefs having been filed), and analyzing the law relevant to the arguments, we resolve the County's point of error as follows:

An interpleader is:

> A suit to determine a right to property held by a usu[ally] disinterested third party (called a *stakeholder*) who is in doubt about the ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership.

BLACK'S LAW DICTIONARY 943 (10th ed. 2014).

It has been referred to as "a remedial joinder device that serves as a useful adjunct to the provision for the

---

[2]  HRS § 604-5 (Supp. 2013) provided, in relevant part:

> HRS § 604-5 Civil jurisdiction.  (a) Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $25,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim. Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount. Subject to subsections (b) and (c), jurisdiction under this subsection shall be exclusive when the amount in controversy, so computed, does not exceed $10,000. The district courts shall also have original jurisdiction of suits for specific performance when the fair market value of such specific performance does not exceed $20,000 and original jurisdiction to issue injunctive relief in residential landlord-tenant cases under chapter 521.

Effective April 17, 2014, the statute was amended to increase the jurisdictional amount from $25,000 to $40,000.  2014 Haw. Sess. Laws Act 24, §1.

permissive joinder of parties[.]" WRIGHT, MILLER & KANE FEDERAL
PRACTICE & PROCEDURE : CIVIL 3d § 1702 (2001).

> The principle of interpleader is that, where two
> persons are engaged in a dispute, and that which is to be
> the fruit of the dispute is in the hands of a third party,
> who is willing to give it up according to the result of the
> dispute, then, that third person is not obliged to be at the
> expense and risk of defending an action; but, on giving up
> the thing, he is to be relieved, and the Court directs that
> the persons between whom the dispute really exists shall
> fight it out at their own expense.

Id. (citation and ellipses omitted).

The interpleader "prevents the stakeholder from being
obliged to determine at his peril which claimant has a better
claim, and, when the stakeholder has no interest in the
[property], forces the claimants to contest what essentially is a
controversy between them without embroiling the stakeholder in
the litigation over the merits of the respective claims." Id.
(citations omitted). Thus, in the first instance, the analysis
in this case must be to determine whether the District Court has
jurisdiction over a civil action between various persons claiming
a right to the subject property, i.e., the automobile. We
conclude that it does.

HRS § 604-5 provides, inter alia, that the district
courts have jurisdiction in all civil actions where the value of
the property claimed does not exceed the jurisdiction. See n.2.
Here, it appears undisputed that the value of the claimed
property, i.e., the automobile is within the jurisdictional
amount. Therefore, the District Court has jurisdiction to enter
an order and judgment awarding the possession and/or ownership of
the automobile to one of the claimants joined by the County's
interpleader.

However, the District Court's concern regarding its
authority to grant the broader relief sought by the County was
not misplaced. First, we note that, pursuant to HRS § 632-1
(1993), strictly declaratory relief may not be obtained in any
district court. In addition, while interpleading funds or
property may protect a stakeholder from liability for turning
over such funds or property to a claimant who prevails in the

interpleader action, the County cites no authority for the proposition that the initiation of an interpleader action also immunizes the stakeholder from a proceeding alleging improper seizure, conversion, or other wrongful acquisition of the subject funds or property; and we find none. Nevertheless, these issues pertain to the nature of the relief available to the County, rather than the question of whether the District has jurisdiction over this interpleader action. See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machiists & Aerospace Workers, 390 U.S. 557, 561 (1968) ("The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy."). Therefore, we conclude that the District Court erred in dismissing the case in its entirety.

Accordingly, the District Court's December 29, 2011 Order Dismissing Complaint for Lack of Jurisdiction Pursuant to HRS § 604-5 is vacated, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawai'i, October 21, 2014.

On the brief:

Kimberly K. Angay
Deputy Corporation Counsel
for Plaintiff-Appellant

Presiding Judge

Associate Judge

Associate Judge